B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>DAVID BEHAR MD Pro se | DEFENDANTS<br>SEE ATTACHMENT 1 |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>700 HAGYS FORD ROAD<br>PENN VALLEY PA 19072<br>(610) 389-1716 | ATTORNEYS (If Known)<br>SEE ATTACHMENT 2 |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DISMISSAL OF STATES ADVERSARY COMPLAINT — FED R BANKR. P. 7012 INC
FED R CIV P 12(b)(1)(b)(6), JURISDICTION 28 USC § 1334(b), 157(b)(2)(XN)
DECLARATORY JUDGMENT UNDER 28 USC SECTION 2201 - 2202

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>23ANDME HOLDING CO., et al | BANKRUPTCY CASE NO.<br>CASE No. 25-40976-357 | |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF MISSOURI | DIVISION OFFICE<br>EASTERN DIVISION | NAME OF JUDGE<br>HON. BRIAN C. WALSH |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>David Behar MD | | |
| DATE<br>9/2/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID BEHAR MD | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# Attachment 1

| State | Attorney General | Mailing Address |
| Arizona | Kris Mayes | 2005 N Central Ave, Phoenix, AZ 85004 |
| Colorado | Phil Weiser | 1300 Broadway, 10th Floor, Denver, CO 80203 |
| Connecticut | William Tong | 165 Capitol Ave, Hartford, CT 06106 |
| District of Columbia | Brian Schwalb |400 6th Street NW, Wash., DC 20001 |
| Florida | Ashley Moody | PL-01 The Capitol, Tallahassee, FL 32399-1050 |
| Illinois | Kwame Raoul | 100 W. Randolph Street, Chicago, IL 60601 |
| Kansas | Kris Kobach | 120 SW 10th Ave, 2nd Floor, Topeka, KS 66612 |
| Kentucky | Russell Coleman | 700 Capitol Ave, Suite 118, Frankfort, KY 40601 |
| Louisiana | Liz Murrill | P.O. Box 94005, Baton Rouge, LA 70804 |
| Maine | Aaron Frey | 6 State House Station, Augusta, ME 04333 |
| Michigan | Dana Nessel | P.O. Box 30212, Lansing, MI 48909 |
| Minnesota | Keith Ellison | 445 Minnesota Street, Suite 1400, St. Paul, MN 55101
| Missouri | Andrew Bailey | 207 W. High St., Jefferson City, MO 65101 |
| New Hampshire | John Formella | 33 Capitol Street, Concord, NH 03301 |
| New Mexico | Raúl Torrez | P.O. Drawer 1508, Santa Fe, NM 87504-1508 |
| New York | Letitia James | The Capitol, Albany, NY 12224-0341 |
| North Carolina | Josh Stein | 9001 Mail Service Center, Raleigh, NC 27699-9001
| Oklahoma | Gentner Drummond | 313 NE 21st Street, Oklahoma City, OK 73105
| Oregon | Dan Rayfield | 1162 Court Street NE, Salem, OR 97301 |
| Pennsylvania | Dave Sunday | Strawberry Square, Harrisburg, PA 17120 |
| South Carolina | Alan Wilson | P.O. Box 11549, Columbia, SC 29211 |
| South Dakota | Marty Jackley | 1302 E Hwy 14, Suite 1, Pierre, SD 57501 |
| Utah | Derek Brown | P.O. Box 142320, Salt Lake City, UT 84114-2320 |
| Vermont | Charity Clark | 109 State Street, Montpelier, VT 05609 |
| Virginia | Jason Miyares | 202 North Ninth Street, Richmond, VA 23219 |
| Washington | Bob Ferguson |1125 Washington St. SE, Olympia, WA|98504-0100
| West Virginia | Patrick Morrisey | Bldg. 1, Room E-26, Charleston, WV 25305 |
| Wisconsin | Josh Kaul | P.O. Box 7857, Madison, WI 53707-7857 |

# Attachment 2

Attorneys for 23and Me

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY   10019
Phone: 212.373.3000
Fax: 212.757.3990

Paul M. Basta
Christopher Hopkins
Jessica I. Choi
Grace C. Hotz
Carmody MacDonald P.C.
120 S. Central Ave.
Suite 1800
St. Louis, MO   63105
Phone: 314.854.8600
Fax: 314.854.8660

Thomas H. Riske
Nathan R. Wallace
Jackson J. Gilkey

Attorneys for The Attorneys General

Counsel to the NAAG Client States1
Abigail R. Ryan
BANKRUPTCY COUNSEL
NATIONAL ASSOCIATION OF ATTORNEYS GENERAL
1850 M Street NW, 12th Floor

1

Washington, DC 20036
Telephone: (202) 326-6000, Ext. 258

Counsel to the State of Colorado
Robert Padjen, No. 14678CO
SENIOR ASSISTANT ATTORNEY GENERAL COLORADO
 DEPARTMENT OF LAW
 RALPH L. CARR COLORADO JUDICIAL CENTER
 1300 Broadway, 8th Floor
Denver, Colorado 80203
Direct dial: 720-508-6346

Counsel to the Commonwealth of Kentucky
Christopher D. Hunt (KY Bar No. 91775)
ASSISTANT ATTORNEY GENERAL
KENTUCKY OFFICE OF THE ATTORNEY GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
Tel: (502) 696-5691

Counsel for the State of Minnesota
Dalila Z. Jordan, Attorney Reg # 0403120
ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
445 Minnesota Street, Suite 600
Saint Paul, Minnesota 55101
Telephone: (651) 300-7640

Counsel for the State of Missouri
Caleb M. Lewis, Mo. Bar #61894
ASSISTANT ATTORNEY GENERAL
Michael Schwalbert, Mo. Bar #63119
ASSISTANT ATTORNEY GENERAL

Alison Esbeck, Mo. Bar. #58501
ASSISTANT ATTORNEY GENERAL
Zachary Elam, Mo. Bar #76935
ASSISTANT ATTORNEY GENERAL
MISSOURI ATTORNEY GENERAL'S OFFICE
815 Olive Street Suite 200
St. Louis, MO 63101
(314) 340-7883

Counsel for the State of Oregon
Justin D. Leonard, E.D. Mo. D.C. # 033736OR
SENIOR ASSISTANT ATTORNEY GENERAL
OREGON DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: (503) 378-4400

Counsel for the Commonwealth of Pennsylvania
Lauren A. Michaels
DEPUTY ATTORNEY GENERAL
Pa I.D. No. 320686
Melissa L. Van Eck
CHIEF DEPUTY ATTORNEY GENERAL FINANCIAL
ENFORCEMENT SECTION
COMMONWEALTH OF PENNSYLVANIA
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, Pa 15222
Tel: (412) 235-9072

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

## MOTION OF DAVID BEHAR, M.D. TO INTERVENE UNDER FED. R. BANKR. P. 2018 AND 7024; AND FOR LEAVE TO BE HEARD; AND FOR LEAVE TO FILE A PROPOSED MOTION TO DISMISS

Movant: David Behar, M.D., 700 Hagys Ford Road, Penn Valley, PA 19072; Email: dbehar322@gmail.com; Tel: (610) 389■1716.

Dr. David Behar ("Movant"), a 23andMe customer and physician■researcher, moves to intervene in this adversary proceeding brought by 28 state Attorneys General (the "States") and, as needed, for leave to be heard in the main Chapter 11 case on privacy, consent, and data■handling issues implicated by the Court's Sale Order entered June 27, 2025 (the "Sale Order"). Movant seeks limited intervention to support the Sale Order and to oppose overbroad declaratory relief sought by the States.

### I. RELIEF REQUESTED

Movant requests intervention (i) as of right under Fed. R. Civ. P. 24(a)(2), made applicable by Fed. R. Bankr. P. 7024; (ii) permissively under Fed. R. Civ. P. 24(b); and/or (iii) under Fed. R. Bankr. P. 2018 (any interested entity may be heard). Movant also requests leave to file the Proposed Motion to Dismiss attached as a separate pleading.

## II. INTRODUCTION AND STANDING

The Court appointed a Consumer Privacy Ombudsman ("CPO"), received briefing and a CPO report, and entered the Sale Order approving the winning bid by TTAM Research Institute with stringent privacy conditions. The Sale Order expressly finds that "no showing has been made that the sale would violate applicable nonbankruptcy law," requires that customer data "shall not (i) move physically or electronically" at legal transfer, and mandates processing in accordance with user consents and Current Notices, with fresh consent before any new use not contemplated. See 11 U.S.C. §§ 332, 363(b)(1)(B).

## III. PROCEDURAL BACKGROUND

On June 9, 2025, the States filed this adversary complaint seeking declarations concerning ownership and transfer of customer genetic data and materials without renewed, express consent from each customer. On June 27, 2025, after notice and hearing and appointment of a CPO, the Court entered the Sale Order approving the sale to TTAM, incorporating a Revised Voluntary Consumer Protection and Privacy Safeguards Term Sheet, and imposing privacy/consent conditions. A closing notice was filed thereafter.

## IV. LEGAL STANDARD (WITH SUPPORTING TEXT)

– Fed. R. Bankr. P. 2018(a): the court may permit "any interested entity" to be heard on a specified matter.

– Fed. R. Civ. P. 24(a)(2) (via Rule 7024): intervention of right on a timely motion by one who claims an interest that disposition may impair, unless adequately represented.

– 11 U.S.C. § 1109(b): a party in interest "may raise and may appear and be heard on any issue in a case under this chapter."

– 11 U.S.C. § 363(b)(1)(B) & § 332: specialized framework for sales involving PII—appointment of a consumer privacy ombudsman and a court finding that no showing was made that the sale would violate applicable nonbankruptcy law.

## V. KEY AUTHORITIES AND SUPPORTING QUOTES

A. Supreme Court: State■law baseline, with room for federal bankruptcy rules where Congress speaks.

"Property interests are created and defined by state law." — Butner v. United States, 440 U.S. 48, 55 (1979).

"Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently." — Butner, 440 U.S. at 55.

B. Borders (Bankr. S.D.N.Y. 2011): CPO/FTC materials favored privacy■protective, consent■aligned transfers (not categorical bans).

"Debtor cannot transfer to Buyer any consumer's purchase history information unless Debtor obtains the written consent of the affected consumer." — CPO Report ¶ 100(c), In re Borders Grp., Inc., No. 11■10614 (MG) (Bankr. S.D.N.Y. Sept. 14, 2011).

"The buyer expressly agrees to be bound by and adhere to the terms of Borders' privacy policy; and [to] obtain affirmative consent for any material changes." — FTC Letter to Borders CPO (Sept. 14, 2011).

### C. RadioShack (Bankr. D. Del. 2015): Mediated order imposed robust conditions on PII transfer.

"Purchaser agrees it is bound by existing RadioShack privacy policy ... which prohibits the further sale or transfer of such information to third parties." — Mediation Term Sheet at 4, In re RadioShack Corp., No. 15■10197 (BLS) (Bankr. D. Del. May 20, 2015) (Dkt. 2187■1).

"Purchaser has agreed to only buy customer e■mail addresses that were active within the two■year period prior to the petition date." — Mediation Term Sheet at 3, RadioShack, No. 15■10197 (BLS).

## VI. ARGUMENT

A. Intervention of right is satisfied. Movant claims interests in (i) continued lawful use of de■identified genomic data for research consistent with existing consents and the Sale Order; (ii) enforcement of privacy promises (including deletion and opt■out) the Sale Order preserves; and (iii) the Court's findings that the sale complies with nonbankruptcy law. Disposition in favor of the States would impair those interests; existing parties may not adequately represent the customer/research perspective.

B. Alternatively, permissive intervention (Rule 24(b)) and/or Rule 2018 is appropriate. Movant's defenses share common questions of law and fact with the main action (privacy statutes, § 363(b)(1), consent, scope of the Sale Order). Intervention will aid efficient resolution without prejudice, and Rule 2018 permits any interested entity to be heard for cause.

### C. Comparable cases favor privacy■protective conditions consistent with existing policies and consents—precisely what the Sale Order requires. Borders and RadioShack show that courts and regulators tailor conditions (notice, opt■out/consent, field limits, buyer■policy adoption) rather than impose categorical prohibitions.

VII. REQUESTED SCOPE AND EFFICIENCY

Movant seeks limited intervention: (i) leave to file briefing and make short oral argument on privacy/consent/consumer■choice issues; (ii) no duplicative briefing; (iii) adherence to existing schedules; and (iv) service via CM/ECF.

## VIII. CONCLUSION

For the foregoing reasons, the Court should grant this Motion and permit Dr. Behar's limited intervention (and, as needed, leave to be heard in the main case) and deny any declaratory relief that conflicts with the Sale Order's privacy and consent framework.

Dated: _____, 2025

Respectfully submitted,

/s/ David Behar, M.D.

David Behar, M.D. (pro se)

700 Hagys Ford Road

Penn Valley, PA 19072

Email: dbehar322@gmail.com

Tel: (610) 389-1716

## [CERTIFICATE OF SERVICE]

I certify that on _____, 2025, I caused a true and correct copy of the foregoing to be filed via the Court's CM/ECF system, which will automatically serve notice on all counsel of record in the main case and the adversary proceeding.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

## PROPOSED MOTION TO DISMISS THE STATES' ADVERSARY COMPLAINT

Dr. David Behar, M.D. (the "Intervenor") respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), to dismiss the States' adversary complaint, and states as follows:

### I. INTRODUCTION

The complaint is moot or foreclosed by the Court's Sale Order. Congress's PII sale regime—11 U.S.C. §§ 363(b)(1) and 332—was followed here: appointment of a CPO and a finding that no showing was made that the sale would violate applicable nonbankruptcy law. The Sale Order imposes robust privacy and consent conditions that address the States' concerns.

### II. BACKGROUND

The Court approved an equity drop■down and sale to TTAM Research Institute. The Sale Order provides that (i) customer/industry data shall not move physically or electronically at legal transfer; (ii) the Purchaser shall process Personal Information in accordance with user consents and Current Notices; and (iii) consent will be obtained before any new use not contemplated. The Order incorporates a Revised Voluntary Consumer Protection and Privacy Safeguards Term Sheet.

### III. LEGAL STANDARD

Rule 12(b)(1) permits dismissal where no case or controversy remains (mootness). Rule 12(b)(6) requires a plausible claim for relief. Sections 363(b)(1)(B) and 332 supply the specialized framework for sales involving PII.

### IV. ARGUMENT

A. The Sale Order renders the complaint moot or, alternatively, requires dismissal on the merits. The Court's no■violation finding under § 363(b)(1)(B) and the Order's privacy conditions directly address the complaint's core theory that renewed express consent is a prerequisite to any transfer.

B. The complaint's reliance on state genetic■privacy statutes is accommodated within § 363(b)(1)'s design. The Court appointed a CPO, considered state laws, and made case■specific findings; the Order compels ongoing compliance with applicable Privacy Laws and user consents.

### C. Comparable case materials confirm that bankruptcy courts and regulators condition, rather than prohibit, PII transfers to respect privacy policies and consumer choice.

"Property interests are created and defined by state law." — Butner v. United States, 440 U.S. 48, 55 (1979).

"Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently." — Butner, 440 U.S. at 55.

"Debtor cannot transfer to Buyer any consumer's purchase history information unless Debtor obtains the written consent of the affected consumer." — CPO Report ¶ 100(c), In re Borders Grp., Inc., No. 11■10614 (MG) (Bankr. S.D.N.Y. Sept. 14, 2011).

"The buyer expressly agrees to be bound by and adhere to the terms of Borders' privacy policy; and [to] obtain affirmative consent for any material changes." — FTC Letter to Borders CPO (Sept. 14, 2011).

"Purchaser agrees it is bound by existing RadioShack privacy policy … which prohibits the further sale or transfer of such information to third parties." — Mediation Term Sheet at 4, In re RadioShack Corp., No. 15■10197 (BLS) (Bankr. D. Del. May 20, 2015) (Dkt. 2187■1).

### V. PRAYER FOR RELIEF

Intervenor respectfully requests that the Court dismiss the States' adversary complaint and grant such other relief as is just and proper.

Dated: _____, 2025

Respectfully submitted,

/s/ David Behar, M.D.

David Behar, M.D. (pro se)

700 Hagys Ford Road

Penn Valley, PA 19072

Email: dbehar322@gmail.com

Tel: (610) 389-1716

## [CERTIFICATE OF SERVICE]

I certify that on _____, 2025, I caused a true and correct copy of the foregoing to be filed via the Court's CM/ECF system, which will automatically serve notice on all counsel of record in the main case and the adversary proceeding.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

### EXHIBIT INDEX

Exhibit A — Sale Order Excerpts (June 27, 2025)

Exhibit B — Statutory Text (11 U.S.C. §§ 363(b)(1)(B), 332)

Exhibit C — FTC Letter in Borders (Sept. 14, 2011)

Exhibit D — RadioShack (Bankr. D. Del. 2015) Mediation Term Sheet Excerpts

Exhibit E — 23andMe Customer Notice (June 16, 2025)

Exhibit F — Butner v. United States, 440 U.S. 48 (1979)

Exhibit G — Adversary Complaint by 28 States (June 9, 2025) — Selected Allegations

Exhibit H — Stipulation/Order Directing Appointment of CPO (Apr. 29, 2025)

### DECLARATION OF DAVID BEHAR, M.D. AUTHENTICATING EXHIBITS

I, David Behar, M.D., declare: (1) I am the Movant. (2) Attached are true and correct copies or short excerpts from publicly available court filings and agency materials identified as Exhibits A–H. (3) These materials were obtained from official or reputable sources and are cited by case caption, docket, and/or publisher. (4) I make this declaration to authenticate the exhibits for the Court's consideration. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2025

/s/ David Behar, M.D.

David Behar, M.D., Pro Se Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v,

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit A — Sale Order Excerpts (June 27, 2025)**

Selected excerpts:

"… Customer Data … shall not (i) move physically or electronically …"

"… or (ii) be disclosed to anyone who did not already have access."

"… no showing has been made that the sale would violate applicable nonbankruptcy law …"

Source: Sale Order, In re 23andMe Holding Co., No. 25■40976■357 (Bankr. E.D. Mo. June 27, 2025).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit B — Statutory Text (11 U.S.C. §§ 363(b)(1)(B), 332)**

Selected excerpts:

"… after appointment of a consumer privacy ombudsman … the court approves such sale …"

"… giving due consideration to the facts, circumstances, and conditions …"

"… finding that no showing was made that such sale … would violate applicable nonbankruptcy law."

"If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint … a consumer privacy ombudsman."

Source: 11 U.S.C. §§ 363(b)(1)(B), 332.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit C — FTC Letter in Borders (Sept. 14, 2011)**

Selected excerpts:

"… buyer expressly agrees to be bound by … Borders' privacy policy …"

"… agree to seek affirmative consent before making any changes to the policy …"

"… finding that no showing was made that such sale … would violate applicable nonbankruptcy law."

Source: Letter from David C. Vladeck, Director, FTC Bureau of Consumer Protection, to Michael St. Patrick Baxter & Yaron Dori (Sept. 14, 2011).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

### Exhibit D — RadioShack (Bankr. D. Del. 2015) Mediation Term Sheet Excerpts

Selected excerpts:

"Purchaser agrees it is bound by existing RadioShack privacy policy … which prohibits the further sale or transfer of such information to third parties."

"The Debtors will not sell … customer telephone numbers … or any other customer data not included [above]."

"Purchaser has agreed to only buy customer e■mail addresses that were active within the two■year period prior to the petition date."

Source: Mediation Term Sheet, In re RadioShack Corp., No. 15■10197 (BLS) (Bankr. D. Del. May 20, 2015) (Dkt. 2187■1).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit E — 23andMe Customer Notice (June 16, 2025)**

Selected excerpts:

"… there will be a change in ownership of your Personal Information."

"This means that the Debtors' sale will not change how your Personal Information is currently processed …"

Source: Notice of Potential Change of Ownership of Personal Information, In re 23andMe Holding Co., No. 25■40976■357 (Bankr. E.D. Mo. June 16, 2025) (Dkt. 752, Ex. A).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit F — Butner v. United States, 440 U.S. 48 (1979)**

Selected excerpts:

"Property interests are created and defined by state law."

"Unless some federal interest requires a different result ..."

Source: Butner v. United States, 440 U.S. 48, 55 (1979).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit G — Adversary Complaint by 28 States (June 9, 2025) — Selected Allegations**

Selected excerpts:

"… an unprecedented compilation of highly sensitive and immutable personal data …"

"… a human being's permanent and everlasting genetic identity (their genome)."

Source: Complaint, State of Arizona et al. v. 23andMe, Inc., Adv. No. 25■04035 (Bankr. E.D. Mo. June 9, 2025).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

**Exhibit H — Stipulation/Order Directing Appointment of CPO (Apr. 29, 2025)**

Selected excerpts:

"… ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT A
CONSUMER PRIVACY OMBUDSMAN."

"… to assist the court … under 11 U.S.C. §§ 332 and 363(b) …"

Source: Joint Stipulation and Agreed Order, In re 23andMe Holding Co., No. 25■40976■357
(Bankr. E.D. Mo. Apr. 29, 2025) (Dkt. 346).

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI — EASTERN DIVISION

In re:

23ANDME HOLDING CO., et al., Debtors.

Chapter 11

Case No. 25-40976-357 (Jointly Administered)

Hon. Brian C. Walsh

THE STATE OF ARIZONA, et al.,

Plaintiffs,

v.

23ANDME HOLDING CO. and 23ANDME, INC.,

Defendants.

Adversary Proceeding No. 25-04035

### [PROPOSED] ORDER GRANTING MOTION OF DAVID BEHAR, M.D. TO INTERVENE AND FOR LEAVE TO BE HEARD

Upon consideration of the Motion of David Behar, M.D. to Intervene and for Leave to Be Heard (the "Motion"), and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Dr. Behar is permitted to intervene on a limited basis in Adversary Proceeding No. 25■04035 for briefing and argument on issues of privacy, consent, and consumer choice implicated by the Sale Order.

3. Intervention shall be conducted without duplicative briefing; Movant shall coordinate with Debtors and Purchaser and comply with all scheduling orders.

4. The Court retains jurisdiction to enforce and interpret this Order.

Dated: _____, 2025

St. Louis, Missouri

_____

Hon. Brian C. Walsh

United States Bankruptcy Judge